UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BEAUREGARDE HOLDINGS LLP, BEAUREGARDE HOLDINGS II LLP, CITY NATIONAL ROCHDALE FIXED INCOME OPPORTUNITIES FUND, BLUE HIAWATHA, LLC, WHITE BEECH SNC, LLC, GINKGO TREE, LLC, CROWN MANAGED ACCOUNTS SPC – CROWN/GT SEGREGATED PORTFOLIO, MA MULTI-SECTOR OPPORTUNISTIC FUND, LP, SAN BERNARDINO COUNTY EMPLOYEES RETIREMENT ASSOCIATION, HIGH YIELD AND BANK LOAN SERIES TRUST, LOUISIANA STATE EMPLOYEES RETIREMENT SYSTEM, GUADALUPE FUND, LP, GT NM, LP, GOLDENTREE CREDIT OPPORTUNITIES MASTER FUND LTD., GOLDENTREE MASTER FUND, LTD., GN3 SIP LIMITED, GOLDENTREE INSURANCE FUND SERIES INTERESTS OF THE SALI MULTI-SERIES FUND, L.P., and GOLDENTREE V1 MASTER FUND, L.P.,

        Plaintiffs,

  v.

THE PROVINCE OF ENTRE RIOS,

        Defendant.

No. 21-cv-

**COMPLAINT**

---

Plaintiffs Beauregarde Holdings LLP, Beauregarde Holdings II LLP, City National Rochdale Fixed Income Opportunities Fund, Blue Hiawatha, LLC, White Beech SNC, LLC, Ginkgo Tree, LLC, Crown Managed Accounts SPC – Crown/GT Segregated Portfolio, MA Multi-Sector Opportunistic Fund, LP, San Bernardino County Employees Retirement Association, High Yield and Bank Loan Series Trust, Louisiana State Employees Retirement System, Guadalupe Fund, LP, GT NM, LP, GoldenTree Credit Opportunities Master Fund Ltd., GoldenTree Master Fund, Ltd., GN3 SIP Limited, GoldenTree Insurance Fund Series Interests of

the SALI Multi-Series Fund, L.P., and GoldenTree V1 Master Fund, L.P. by and through their attorneys, for their Complaint against defendant Province of Entre Rios (the "Province"), allege as follows:

## INTRODUCTION

1. This is a breach of contract action arising from the Province's failure to make contractually-mandated interest payments on certain debt securities issued by the Province in 2017, in which Plaintiffs own beneficial interests (the "Notes" or "Debt Securities"). The Notes are governed by (i) an indenture dated as of February 8, 2017 by and between U.S. Bank National Association, as Trustee and the Province as Issuer (the "Indenture"), a true and accurate copy of which is attached as Exhibit 1 hereto, (ii) the global notes issued by the Province under the Indenture, the form of which is set forth in exhibit A to the Indenture, and (iii) the terms and conditions of the Notes, the form of which is set forth in exhibit C to the Indenture (the "Terms and Conditions "), which apply to each Note and are set forth on the reverse of each issued global note.

2. Interest amounts due and owing on the Notes since August 8, 2020 have not been paid, and an Event of Default arose under the Indenture as of September 7, 2020—*i.e.* 30 days from the date the most recent installment of interest came due on August 8, 2020.  Plaintiffs seek payment of all accrued, due, and unpaid interest on the Notes, interest on such interest, all other amounts that are currently due and payable, and any and all amounts that become due between now and entry of judgment in this action.

3. Pursuant to Section 4.7 of the Indenture, Plaintiff has the "absolute and unconditional" right: (i) to receive payment of the principal and interest on the Notes, and (ii) to

institute suit for the enforcement of such payment. The Indenture expressly provides that such rights cannot be impaired without the consent of each relevant bondholder.

## PARTIES

4. Plaintiff Beauregarde Holdings LLP is a limited liability partnership organized and existing under the laws of the United Kingdom with a registered office address at 1st Floor 236 Gray's Inn Road, London, WC1X 8HB. Plaintiff Beauregarde Holdings LLP is the beneficial owner of $137,680,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

5. Plaintiff Beauregarde Holdings II LLP is a limited liability partnership organized and existing under the laws of United Kingdom with a registered office address at 1st Floor 236 Gray's Inn Road, London, WC1X 8HB. Plaintiff Beauregarde Holdings II LLP is the beneficial owner of $47,835,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

6. Plaintiff City National Rochdale Fixed Income Opportunities Fund is a Delaware statutory trust with a registered office address at 400 North Roxbury Drive, Beverly Hills, CA 90210. Plaintiff City National Rochdale Fixed Income Opportunities Fund is the beneficial owner of $17,970,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

7. Plaintiff Blue Hiawatha, LLC is a Delaware limited liability company with a registered office address at c/o Vcorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, DE 19805. Plaintiff Blue Hiawatha, LLC is the beneficial owner of $26,255,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

8. Plaintiff White Beech SNC, LLC is a Delaware limited liability company with a registered office address at c/o Vcorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, DE 19805.  Plaintiff White Beech SNC, LLC is the beneficial owner of $13,560,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

9. Plaintiff Ginkgo Tree, LLC is a Delaware limited company with a registered office address at Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904.  Plaintiff Ginkgo Tree, LLC is the beneficial owner of $250,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP USP37341AA50.

10. Plaintiff Crown Managed Accounts SPC – Crown/GT Segregated Portfolio is a Cayman Islands segregated portfolio company with limited liability with a registered office address at LGT Bank In Liechtenstein (Cayman) Limited, UBS House, 227 Elgin Avenue, PO Box 852, Grand Cayman, KY1-1103, Cayman Islands.  Plaintiff Crown Managed Accounts SPC – Crown/GT Segregated Portfolio is the beneficial owner of $250,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP USP37341AA50.

11. Plaintiff MA Multi-Sector Opportunistic Fund, LP is a Delaware limited partnership with a registered office address at Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904.  Plaintiff MA Multi-Sector Opportunistic Fund, LP is the beneficial owner of $150,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP USP37341AA50.

12. Plaintiff San Bernardino County Employees Retirement Association is a California public pension plan with a registered office address at 348 W. Hospitality Lane, 3rd Floor, San Bernardino, CA 92415.  Plaintiff San Bernardino County Employees Retirement

Association is the beneficial owner of $1,290,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP USP37341AA50.

13. Plaintiff High Yield and Bank Loan Series Trust is a Cayman Islands trust with a registered office address at State Street Cayman Trust Company, Ltd., PO Box 31113, 45 Market Street, Suite 3307, Camana Bay, KY1-1205, Cayman Islands. Plaintiff High Yield and Bank Loan Series Trust is the beneficial owner of $732,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

14. Plaintiff Louisiana State Employees Retirement System is a Louisiana pension plan with a registered office address at 8404 United Plaza Boulevard, 1st Floor, Baton Rouge, LA 70809. Plaintiff Louisiana State Employees Retirement System is the beneficial owner of $155,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

15. Plaintiff Guadalupe Fund, LP is a Texas limited partnership with a registered office address at 1200 North Interstate 35, Austin, TX 78701. Plaintiff Guadalupe Fund, LP is the beneficial owner of $150,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

16. Plaintiff GT NM, LP is a Delaware limited partnership with a registered office address at Cogency Global Inc., 850 New Burton Road, Suite 201, Dover, DE 19904. Plaintiff GT NM, LP is the beneficial owner of $668,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

17. Plaintiff GoldenTree Credit Opportunities Master Fund Ltd. is a Cayman Islands exempted company with a registered office address at Intertrust Cayman Islands, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands. Plaintiff GoldenTree Credit

Opportunities Master Fund Ltd. is the beneficial owner of $7,559,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

18.     Plaintiff GoldenTree Master Fund, Ltd. is a Cayman Islands exempted company with a registered office address at Intertrust Cayman Islands, 190 Elgin Avenue, George Town, Grand Cayman KY1-9005, Cayman Islands.  Plaintiff GoldenTree Master Fund, Ltd. is the beneficial owner of $13,785,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

19.     Plaintiff GN3 SIP Limited is a Jersey limited company with a registered office address at Gaspe House 66-72 Esplande, St. Helier, Jersey, JE2 3QT.  Plaintiff GN3 SIP Limited is the beneficial owner of $2,632,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

20.     Plaintiff GoldenTree Insurance Fund Series Interests of the SALI Multi-Series Fund, L.P. is a Delaware limited partnership (series interests) with a registered office address at Cogency Global, Ltd., 850 New Burton Road, Suite 201, Dover, DE 19904.  Plaintiff GoldenTree Insurance Fund Series Interests of the SALI Multi-Series Fund, L.P. is the beneficial owner of $743,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

21.     Plaintiff GoldenTree V1 Master Fund, L.P. is a Cayman Islands limited partnership with a registered office address at Walkers Corporate Limited, Cayman Corporate Centre, 27 Hospital Road, George Town, Grand Cayman KY1-9008, Cayman Islands.  Plaintiff GoldenTree V1 Master Fund, L.P. is the beneficial owner of $319,000 in principal amount of 8.750% notes due February 8, 2025 issued by the Province bearing CUSIP P37341AA5.

22. Defendant the Province of Entre Rios is a political subdivision of the Republic of Argentina, as defined by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603(b). It is therefore also an agency or instrumentality of a foreign state, as defined by the FSIA. *Id.*

## JURISDICTION AND VENUE

23. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1330 because the Province is a political subdivision of a foreign state, *i.e.*, the Republic of Argentina.

24. The Court also has subject-matter jurisdiction over this action pursuant to section 9.7(d) of the Indenture, in which the Province explicitly and unconditionally waived sovereign immunity with respect to obligations under the Indenture or the Debt Securities. This section provides, in relevant part:

> To the extent that the Province has or hereafter may acquire any immunity (sovereign or otherwise) in respect of its obligations under the Debt Securities and/or this Indenture from jurisdiction of any court or from any legal process…, the Province hereby waives and will irrevocably waive such immunity in respect of its obligations under this Indenture or the Debt Securities…, and, without limiting the generality of the foregoing, the Province agrees that the waivers set forth in this Indenture shall have the fullest scope permitted under the United States Foreign Sovereign Immunities Act of 1976, as amended…, and is intended to be irrevocable for purposes of such act.

Ex. 1 § 9.7(d). The same text appears in section 16(d) of the form Terms and Conditions, appended as exhibit C to the Indenture. Ex. 1 at Ex. C § 16(d) (on page C-13 of the document).

25. This Court has jurisdiction over the Province under the FSIA because this action is based upon a commercial activity of the foreign state within the United States and/or outside the United States with a direct effect in the United States (28 U.S.C. § 1605(a)(2)) and, in addition, the Province has explicitly waived sovereign immunity, as set forth in paragraph 24 above.

26. This Court also has jurisdiction over the Province pursuant to section 9.7(b) of the Indenture, which provides, in relevant part:

> The Province irrevocably submits to the jurisdiction of any U.S. federal or New York state court sitting in the Borough of Manhattan, The City of New York, and any appellate court from any court thereof, in any suit, action or proceeding arising out of or relating to the Notes or the Indenture and irrevocably agrees that all claims in respect of any such suit, action or proceeding may be heard and determined in such U.S. federal or New York state court.

Ex. 1 § 9.7(b). The same text appears in section 16(b) of the form Terms and Conditions, appended as exhibit C to the Indenture. Ex. 1 at Ex. C § 16(b) (on page C-13 of the document).

27. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated, in this District. Alternatively, to the extent there is no judicial district in which an action may otherwise be brought, venue is proper in this District because the Province is subject to this Court's personal jurisdiction.

28. Venue is also proper in this Court by agreement of the parties pursuant to section 9.7(b) of the Indenture, which provides, in relevant part:

> The Province also irrevocably waives, to the fullest extent that it may effectively do so, any objection to venue or defense of an inconvenient forum to the maintenance of any such suit, action or proceeding in such jurisdiction.

Ex. 1 § 9.7(b). The same text appears in section 16(b) of the form Terms and Conditions, appended as exhibit C to the Indenture. Ex. 1 at Ex. C § 17(d) (on page C-13 of the document).

29. In the Indenture, Section 9.7(c) the Province appointed Corporation Service Company, with offices located as of the date of the Indenture at 1180 Avenue of the Americas, Suite 210, New York, New York 10036-8401[1] "as its Agent . . . to receive on behalf of the Province and its property service of any summons and complaint and other process which may

---

[1] The current address for Corporation Service Company is 80 State Street, Albany, NY 12207-2543.

be served in any such suit, action or proceeding brought in such New York State or U.S. federal court sitting in New York City in the Borough of Manhattan." Ex. 1 § 9.7(c). The same appointment, with the same identified office address, is made in the form Terms and Conditions, appended as exhibit C to the Indenture. Ex. 1 at Ex. C § 16(c) (on page C-13 of the document).

30. Pursuant to Section 9.7(a) of the Indenture, the "Indenture and the Debt Securities . . . shall be governed by and construed in accordance with the law of the State of New York."

## FACTUAL ALLEGATIONS

31. The Plaintiffs own beneficial interests in the Notes, as specified above and in Exhibit 2 hereto. The Province is in default of its obligation to make certain interest payments required under the terms of the Notes, as explained more fully below and specified in Exhibit 2 hereto. As of the date of this Complaint, the aggregate unpaid interest on the Notes due and owing to Plaintiffs is $11,899,256.25. Plaintiffs reserve the right to seek payment of additional outstanding interest, including interest on such interest, and any principal that becomes due between now and entry of judgment in this action.

32. In 2017, the Province issued $350 million in Notes and in 2018, issued an additional $150 million in Notes. As noted in paragraph 1 above, the Notes are governed by the terms set forth in the Indenture, and the terms of the Notes are set forth in the forms of Notes (Indenture Ex. A) and Terms and Conditions (Indenture Ex. C). The Notes issued in 2017 and 2018 have identical terms and conditions, except for the date of issuance and first interest payment date.

33. The annual rate of interest on the Notes is 8.750%. The Notes provide for payments of interest on a semi-annual basis. Each required interest payment is in the amount of 4.375% of the principal amount of the Note. Such payments are due on specific Interest

Payment Dates specified in each Note, specifically August 8 and February 8 of each year during the term of the Notes, starting August 8, 2017 for the initial issuance and February 8, 2018 for the second issuance. The Notes further provide for the payment of 8.750% interest on any unpaid overdue interest, with payment of such interest also coming due each August 8 and February 8.

34.     The Notes provide for payments of principal in three installments of 33.33% on February 8, 2023, 33.33% on February 8, 2024 and the remaining outstanding balance on February 8, 2025. The Notes' stated maturity date, on which their remaining principal will become due, if maturity is not accelerated, is February 8, 2025.

35.     Indenture Section 3.1 provides that "The Province covenants and agrees that it will duly and punctually pay or cause to be paid the principal of, and premium, if any, and interest (including Additional Amounts) on, each of the Debt Securities and any other payments to be made by the Province under the Debt Securities and this Indenture, at the place or places, at the respective times and in the manner provided in the Debt Securities and this Indenture, subject to Section 9.6."

36.     Pursuant to section 4.1(a) of the Indenture and section 5(ii) of the Terms and Conditions, an Event of Default occurs when "the Province fails to pay any interest … due on any Notes when due and payable for 30 days after the applicable Payment Date". *See* Ex. 1 at Ex. C § 5(ii) (on page C-7 of the document).

37.     Beginning on August 8, 2020 and continuing to the date hereof, the Province has failed to make interest payments contractually required under the terms of the Notes. As of the date of this Complaint, the aggregate unpaid interest on the Notes due and owing to Plaintiffs is $11,899,256.25.

38. As of the date of this Complaint, no payment of interest on overdue interest payments contractually required under the terms of the Notes is yet due and owing. Plaintiffs reserve the right to seek payment of interest on any unpaid overdue interest that becomes due between now and entry of judgment in this action.

39. As of the date of this Complaint, no payment of the Notes' principal is yet due and owing. The current principal amounts outstanding, and the amounts of interest currently due and payable on each Note to each Plaintiff, are specified in Exhibit 2. Plaintiffs reserve the right to seek payment of additional outstanding interest, interest on any unpaid overdue interest payments and any principal that becomes due between now and entry of judgment in this action.

40. Section 4.7 of the Indenture provides that the Holder of a Note has the "right, which is absolute and unconditional, to receive payment of the principal and interest on (including Additional Amounts) its Debt Security on the Stated Maturity Date for such payment … and to institute suit for the enforcement of any such payment on or after the Stated Maturity Date, and such right shall not be impaired without the consent of such Holder." Ex. 1 § 4.7.

41. Plaintiffs have received authorization from the registered Holder (as defined by the Indenture) of the Notes in which they own beneficial interests to take any and all actions and exercise any and all rights and remedies that the registered Holder is entitled to take, including to commence and prosecute this action.

## CLAIM FOR RELIEF
(Breach of Contract)

42. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 41.

43. The Province is a party to the Indenture and each of the Notes in which the Plaintiffs hold beneficial interests.

44.     Beginning on August 8, 2020, and continuing thereafter, the Province has failed to make required interest payments due to Plaintiffs as required by the terms of the Indenture and the Notes.

45.     Upon each Interest Payment Date stated in the Notes, amounts became due and payable, yet the Province has failed to make the required payments.  As more than 30 days have passed since these amounts became due and payable, an Event of Default has occurred under the terms of the Notes.

46.     As a result of the Province's breaches, it owes each Plaintiff the corresponding amount set forth on Exhibit 2 hereto, in the aggregate amount of $11,899,256.25, plus interest on any unpaid overdue interest payments, prejudgment interest, and all other amounts that are payable under the terms of the Indenture and the Notes and any and all amounts that become due between now and entry of judgment in this action.

## **REQUEST FOR RELIEF**

Plaintiffs demand judgment again the Province, as follows:

a.      A money judgment in favor of each Plaintiff against the Province in the amounts set forth on Exhibit 2, in the aggregate amount of $11,899,256.25, together with any later-accrued and unpaid interest, interest on such unpaid interest and all other amounts that are

payable under the terms of the Indenture or the Notes and any and all amounts that become due between now and entry of judgment in this action.

      b.    All costs, prejudgment interest, attorneys' fees, and such other and further relief as the Court shall deem just and proper.

Dated: January 4, 2021

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Dennis Hranitzky
dennishranitzky@quinnemanuel.com
Debra O'Gorman
debraogorman@quinnemanuel.com
51 Madison Avenue
New York, NY 10010
Tel: (212) 849-7000
*Attorneys for Plaintiffs*